UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GEOFF WILLIAMSON, individually and on behalf of a class of similarly situated individuals, | ) ) ) | Case No.: 5:11-CV-03548-LHK |
| Plaintiffs, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| v. | ) ) | |
| THE REINALT-THOMAS CORPORATION, a Michigan corporation d/b/a DISCOUNT TIRE COMPANY/AMERICA'S TIRE CO.; SOUTHERN CALIFORNIA DISCOUNT TIRE CO., INC., a California corporation; and DOES 1 to 10 inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a putative class action brought by Plaintiff Geoff Williamson, on behalf of himself and all others similarly situated, against Defendants The Reinalt-Thomas Corporation doing business as Discount Tire Company/America's Tire Company ("Reinalt"), Southern California Discount Tire Company Inc. ("SCDT"), and an unnamed number of Doe Defendants. Plaintiff's Second Amended Complaint ("SAC") brings against Defendants claims of: (1) Conversion, Restitution, and Unjust Enrichment; (2) Breach of Oral Contract; (3) Violation of California's False Advertising Law, Business and Professions Code §§ 17500, *et seq.* ("FAL"); (4) Violation of California's Consumers Legal Remedies Act, Civil Code §§ 17500, *et seq.* ("CLRA"); (5) Violation of California's Unfair Competition Law, Business and Professions Code §§ 17200, *et*

United States District Court
For the Northern District of California

*seq.* ("UCL"); (6) Fraud; (7) Negligence; and (8) Negligent Misrepresentation. *See* ECF No. 33. Before the Court is Defendants' motion to dismiss ("Mot.") Plaintiff's SAC. ECF No. 40. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the hearing and case management conference currently set for April 26, 2012. Having considered the parties' submissions and arguments, the Court grants Defendants' motion to dismiss.

## I. BACKGROUND

### A. Factual Background

This case arises out of Plaintiff's purchase of a set of tires from Defendants' retail store. The gravamen of Plaintiff's complaint is that he was charged an undisclosed service fee to dispose of his old tires after Defendants installed the newly purchased tires on Plaintiff's car. On January 27, 2011, Plaintiff went to Defendants' retail tire store to purchase two new tires for his vehicle. SAC ¶ 33. A clerk at Defendants' tire store "verbally quoted the per-tire price of certain tires to Plaintiff." *Id.* ¶ 34. Plaintiff selected the Riken Raptor tire, which the clerk quoted at the cost of "$72.00 per tire." *Id.* Plaintiff informed the clerk that he wanted two of the Riken Raptor tires and, in addition, purchased "tire certificates" or "road hazard insurance" at $9.50 for each certificate. *Id.* ¶ 35. The clerk informed Plaintiff that "the total cost of the tires and certificates, with taxes and installation, would be $216.54." *Id.*

At the time of the purchase, Plaintiff alleges that the clerk did not inform Plaintiff that he would also be charged an "additional [old tire] 'disposal fee' of $2.50 per tire." *Id.* Plaintiff further alleges that Plaintiff "was not aware of th[e] additional . . . fee . . . [and] simply assumed that what the clerk told him was true . . . that the cost total was the proper mathematical calculation for the tires and certificates, with taxes and installation." *Id.* This "additional fee" of $2.50 per tire was included in the total price of $216.54 quoted by Defendants' sales clerk at the time of purchase. Plaintiff in fact paid $216.54, the amount quoted by the clerk. *Id.* ¶ 36.

Plaintiff was not given a receipt until after Defendant installed the newly purchased tires and returned Plaintiff's car to him. *Id.* ¶¶ 37-38. After the new tires were installed, the clerk handed Plaintiff the receipt, which was "folded [] three ways" inside an envelope. *Id.* ¶ 37. The

2

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

tire disposal fee was disclosed as a line item on the receipt.  *See id.* ¶¶ 28, 30, 38.  Plaintiff alleges

that the clerk did not mention the $2.50 tire disposal fee to Plaintiff at any point during either the

pre-installation purchase or the post-installation discussions with the clerk. Plaintiff left

Defendants' store without examining the receipt.  *Id.* ¶ 38.  Several months later, Plaintiff

discovered the $2.50 disposal fee per tire and commenced this action.  *Id.*; ECF No. 1.

### B.  Procedural Background

Plaintiff brings this suit on behalf of a class of similarly situated individuals, consisting of

all persons who were charged a "disposal" fee in connection with any transaction with Defendants.

SAC ¶ 41.  Plaintiffs Geoff Williamson and Ron Ballard filed the original complaint on July 19,

2011.  ECF No. 1.  Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant

to Federal Rule of Civil Procedure 12(b)(2), ECF No. 13, but withdrew the motion on February 9,

2012.  Upon the parties' stipulation and with the Court's leave, Plaintiff filed his first amended

complaint ("FAC") on December 1, 2011.  *See* ECF Nos. 21-23.  Ron Ballard was not named as a

Plaintiff in the FAC.  Defendants filed a motion to dismiss Plaintiff's FAC on January 13, 2012.

ECF No. 26.  During a case management conference held on February 2, 2012, the Court granted

Plaintiff leave to file a second amended complaint ("SAC"), which Plaintiff had previously filed on

January 31, 2012.  ECF Nos. 33, 36.  On March 2, 2012, Defendants filed a motion to dismiss

Plaintiff's SAC.  ECF No. 40.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

can be granted "tests the legal sufficiency of a claim."  *Navarro v. Block,* 250 F.3d 729, 732 (9th

Cir. 2001).  Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable

legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  While "'detailed factual

allegations'" are not required, a complaint must include sufficient facts to "'state a claim to relief

that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  "A claim has

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "'formulaic recitation of the elements' of a cause of action." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *accord Iqbal,* 129 S. Ct. at 1949–50.

## B.  Federal Rule of Civil Procedure 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In contrast, the heightened pleading requirement of Rule 9(b) does not apply to allegations regarding the defendant's state of mind. Thus, knowledge and intent need only be alleged generally to state a valid claim for fraud. *See* Fed. R. Civ. Pro. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

## C.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d

4

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

1122, 1127, 1140 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's common law claims on grounds that: (1) Plaintiff fails to state a claim for conversion because California courts have not recognized a claim of conversion for an overcharge; (2) Plaintiff fails to state claims for restitution and unjust enrichment because there is no cause of action for restitution or unjust enrichment in California; (3) Plaintiff fails to state a claim for breach of oral contract because Plaintiff fails to allege the existence or breach of an oral contract; (4) Plaintiff fails to state a claim for fraud and negligent misrepresentation because Plaintiff fails to allege the elements of fraud and negligent misrepresentation; and (5) Plaintiff fails to state a claim for negligence because the negligence claim is barred by the economic loss rule.

Defendants also move to dismiss Plaintiff's claims under the FAL, CLRA, and UCL on grounds that: (1) Plaintiff has no standing to assert his FAL, CLRA and UCL claims; (2) Plaintiff's allegations of Defendant's misrepresentations do not meet the "reasonable consumer" test under the FAL, CLRA and UCL; (3) Plaintiff fails to allege unfair behavior or an unlawful act pursuant to the UCL. Additionally, Defendant argues that Plaintiff failed to file the statutorily-required affidavit under the CLRA, and Plaintiff has no Article III standing to seek injunctive relief. The Court will address each in turn.

### A. Count One: Conversion/Unjust Enrichment/Restitution

#### 1. Conversion

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Plaintiff alleges that Defendants' imposition of disposal fees on consumers' bills without

2   consumers' knowledge or consent, and Defendants' taking and retaining of Plaintiff's money

3   equaling $5.00, constitutes a valid claim of conversion.  SAC ¶ 50.  Conversion is the wrongful

4   exercise of dominion over the property of another.  *Oakdale Village Grp. v. Fong*, 43 Cal. App. 4th

5   539, 543 (1996).  The elements of a conversion claim are: (1) the plaintiff's ownership or right to

6   possession of the property at the time of the conversion; (2) the defendant's conversion by a

7   wrongful act or disposition of property rights; and (3) damages.  *Id.* at 543-44.  It is not necessary

8   that there be a manual taking of the property; it is only necessary to show an assumption of control

9   or ownership over the property, or that the alleged converter has applied the property to his own

10  use. *Id.* at 544.

11    Money cannot be the subject of an action for conversion unless a specific sum capable of

12  identification is involved.  *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1491-92

13  (2006); *accord Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072–1073 (1996).  However, while

14  money subject to a conversion claim must be readily identifiable, California law is clear that it is

15  not necessary that each coin or bill be earmarked.  *Weiss v. Marcus*, 51 Cal. App. 3d 590, 599

16  (1975) (citing *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941)).  "California cases permitting an

17  action for conversion of money typically involve those who have misappropriated, commingled, or

18  misapplied specific funds held for the benefit of others."  *PCO, Inc. v. Christensen, Miller, Fink,*

19  *Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 396 (2007).   Thus, a claim for

20  conversion may be stated when there is a special relationship between the parties where the

21  defendant has a duty to retain or apply funds on the plaintiff's behalf.  *See Fischer*, 50 Cal. App.

22  4th at 1072 (when agent required to turn over to principal a definite sum received by agent on

23  behalf of principal, remedy of conversion proper); *Chazen v. Centennial Bank*, 61 Cal. App. 4th

24  532, 543 (1998) (conversion proper in claim against bank for disbursements from money held in

25  trust accounts); *Haigler*, 18 Cal. 2d at 681(1941) (conversion claim proper against real estate

26  broker who refused to turn over funds paid by tenant to broker for benefit of plaintiffs).

27    Here, Plaintiff fails to state a claim that the $5.00 disposal fee charged by Defendants

28  constitutes the tort of conversion under California law for several reasons.  First, the basis of

6

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

Plaintiff's conversion claim is a commercial transaction. Plaintiff fails to allege how there was a special relationship between the parties, or how Defendants otherwise "misappropriated, commingled, or misapplied specific funds held for the benefit of [Plaintiff]." *PCO, Inc.*, 150 Cal. App. at 396. Therefore, Plaintiff has not overcome the general rule in California that the object of a conversion claim cannot be money.

Moreover, Plaintiff also fails to establish the first element of his conversion claim, that he had "ownership or right to possession of the property at the time of the conversion." *Oakdale*, 43 Cal. App. at 541. After Plaintiff agreed to pay the $216.54 for "the cost of the tires, certificates, taxes, [and] installation" fees, Plaintiff paid the exact amount he was quoted. At that point in the transaction, title to those funds passed to Defendants. Since the money became the property of Defendants, it could not have been tortiously converted by Defendants. *See Gutierrez v. Wells Fargo*, 622 F. Supp. 2d 946, 956 (N.D. Cal. 2009) (Alsup, J.) (finding that Plaintiffs failed to show their right to possession of funds willingly deposited in the Defendant bank; "Essentially, plaintiffs challenge Wells Fargo practices that lead to it taking excessive overdraft fees from their accounts or, in other words, they complain about overcharging. As such, they fail to state a claim of conversion."); *see also McKell*, 142 Cal. App. 4th at 1491-92 ("Plaintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge."); *see also Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. 07-CV-2231-RJB, 2008 WL 1946859, at *8 (S.D. Cal. Apr. 25, 2008). Accordingly, based on Plaintiff's theory, Plaintiff cannot state a claim for conversion.

## 2. Unjust Enrichment

Plaintiff also alleges that Defendants' imposition of the tire disposal fee gives rise to a claim for unjust enrichment or restitution. Notwithstanding earlier cases suggesting the existence of a separate, stand-alone cause of action for unjust enrichment, the California Court of Appeals has recently clarified that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *accord Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). In light of this

United States District Court
For the Northern District of California

7

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

1    recent persuasive authority, this Court has previously determined that "there is no cause of action

2    for unjust enrichment under California law." *Fraley v. Facebook,* __ F. Supp. 2d __, 2011 WL

3    6303898, at *23 (N.D. Cal. 2011); *In re iPhone Application Litig.*, 2011 WL 4403963, at *15

4    (internal quotation marks and citations omitted); *accord Ferrington v. McAfee, Inc.*, No. 10–cv–

5    01455–LHK, 2010 WL 3910169, at *17 (N.D. Cal. 2010).  Other courts have similarly reached this

6    conclusion.  *See Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (Illston,

7    J.) (dismissing with prejudice plaintiffs' unjust enrichment claim brought in connection with claims

8    of misappropriation and violation of the UCL because unjust enrichment does not exist as a stand-

9    alone cause of action); *LaCourt v. Specific Media, Inc.*, No. SACV10-1256-GW(JCGx), 2011 WL

10   1661532 at *8 (C.D. Cal. Apr. 28, 2011) (dismissing unjust enrichment claim because it "cannot

11   serve as an independent cause of action"); *In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d

12   1062, 1091–92 (C.D. Cal. 2010) (same). Thus, Plaintiffs' unjust enrichment claim does not

13   properly state an independent cause of action and must be dismissed.  *See Levine*, 189 Cal. App.

14   4th at 1138.

### 3.  Restitution

16        California courts have recognized multiple grounds for awarding restitution.  *See McBride*

17   *v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) ("Under the law of restitution, an individual is

18   required to make restitution if he or she is unjustly enriched at the expense of another.").

19   Restitution may be awarded: (1) in lieu of breach of contract damages when the parties had an

20   express contract, but it was procured by fraud or is unenforceable or ineffective for some reason, or

21   (2) when a Defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar

22   conduct." *Id.* at 388.  Thus, California law recognizes that a plaintiff may elect which *remedy* to

23   seek: "the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract

24   theory (an election referred to at common law as 'waiving the tort and suing in assumpsit')." *Id.*

25   (citing *Murrish v. Indust. Indem. Co.*, 178 Cal. App. 3d 1206, 1209 (1986).

26        However, like unjust enrichment, California does not recognize a cause of action for

27   restitution.  *See Durell*, 183 Cal. App. 4th at 1370 (explaining that there is no cause of action in

28   California for unjust enrichment and "[u]njust enrichment is synonymous with restitution."); *see*

8

1   *also Robinson*, 732 F. Supp. 2d at 987 ("There is no cause of action for restitution, but there are

2   various causes of action that give rise to restitution as a remedy."). Thus, to the extent that Plaintiff

3   seeks to assert restitution as a stand alone cause of action, Plaintiff's claim is dismissed. To the

4   extent that Plaintiff seeks to elect restitution as a remedy for conversion, Plaintiff is not entitled to

5   restitution because he has not stated a claim for conversion. Because Plaintiff cannot cure through

6   amendment the fact that unjust enrichment and restitution are not independent causes of action

7   under California law, and because Plaintiff's theory of conversion is unsupported by the law, the

8   Court finds no need to grant Plaintiff leave to amend his first cause of action. The Court therefore

9   grants Defendants' motion to dismiss Plaintiff's first cause of action for conversion/unjust

10  enrichment/restitution with prejudice.

### B. Count Two: Breach of Oral Contract

12      Plaintiff alleges that he "entered into [an] oral contract[] with Defendants under which [he]

13  agreed to purchase tires and pay for the cost of the tires, installation, and taxes." SAC ¶ 53.

14  Furthermore, Plaintiff contends that Defendants' failure to disclose the tire disposal fees and

15  Defendants' consequent charge of $2.50 for the disposal of each tire constituted a breach of an oral

16  contract. SAC ¶¶ 53, 54. Under California law, "a contract requires parties capable of consent, the

17  consent of those parties, a lawful object, and sufficient consideration." *ASP Props. Grp. v. Fard,*

18  *Inc.*, 133 Cal. App. 4th 1257, 1268–69 (2005) (citing Cal. Civ. Code § 1550). In addition, for a

19  contract "'to be enforceable, a promise must be definite enough that a court can determine the

20  scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational

21  basis for the assessment of damages.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209

22  (2006) (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

23      When reviewing whether a plaintiff has properly stated a cause of action for breach of

24  contract, a court must determine whether the alleged agreement is "reasonably susceptible" to the

25  meaning ascribed to it in the complaint. *Klein v. Chevron, U.S.A., Inc.*, 202 Cal. App. 4th 1342,

26  1384 (2012) (citing *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 964 (2010)). A court is

27  not required to accept an erroneous construction of a provision of the contract in passing upon the

28  sufficiency of the complaint. *Id.* at 1385 (citing *Aragon–Haas v. Family Sec. Ins. Sers., Inc.*, 231

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

Cal. App. 3d 232, 239 (1991)).  "The fundamental goal of contract interpretation is to give effect to the mutual intention of the parties as it existed at the time they entered into the contract."  *Id.*

Here, Plaintiff alleges that he entered into an oral agreement with Defendants "under which they agreed to purchase tires and pay for the cost of the tires, installation and taxes."  SAC ¶ 53. Plaintiff argues that one of the terms of the contract was that Defendants agreed to perform a "correct mathematical calculation" of the total cost of the transaction, and not to include a tire disposal fee.  Opp'n at 8.  This interpretation of the proposed oral agreement is not reasonable in light of the allegations in the SAC.  *See Klein*, 202 Cal. App. 4th at 1387.  Plaintiff admits that the total price quoted by the sales clerk – $216.54 – included the costs of the new tires, taxes, and the installation.  The price quoted by the sales clerk also included the tire disposal fee, even though this fee was not specifically itemized prior to the tire installation.  Upon agreement of the price, Plaintiff paid the total amount, and Defendants then installed his new tires for him.  The additional term that Plaintiff seeks to include in the contract, in which Defendants agreed to perform a "correct mathematical calculation" of the total cost of the transaction, is not supported by the factual allegations detailing the actions by the parties.  *See id.* ("Because plaintiffs' complaint does not set forth a reasonable interpretation of their alleged sales agreement with Chevron, the trial court did not err in sustaining Chevron's demurrer to the breach of contract claim, and dismissing the claim without leave to amend.").

Moreover, Plaintiff has failed to establish that Defendants breached the "scope of [their] duty," in light of the agreement between the parties.  *See Bustamante*, 141 Cal. App. 4th at 209. Plaintiff admits that the price quoted by the clerk before Plaintiff tendered payment was the price that he actually paid for the goods purchased and the services rendered by the Defendants.  Finally, Plaintiff does not contest that he received the tires for which he had paid, that Defendants properly installed the tires, and that Defendants disposed of his old tires.  Thus, Plaintiff has failed to state a claim for breach of oral contract.[1]

---

[1] Defendants also argue that Plaintiff's breach of oral contract claim must be dismissed because Plaintiff failed to provide a pre-suit notice of breach.  Mot. at 14.  Plaintiff argues that a pre-suit notice is not required in this instance.  Opp'n at 6-8.  Because Defendants' motion to dismiss is granted on alternative grounds, the Court need not reach Defendants' additional argument.

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Moreover, in his Opposition, Plaintiff argues that Defendants breached the covenant of

2    good faith and fair dealing.  Opp'n at 21.  Because Plaintiff fails to allege the existence of a

3    contract, Plaintiff's claim of Defendants' breach of the covenant of good faith and fair dealing is

4    also dismissed.  *See Karimi v. GMAC Mortg.*, No. 11-CV-00926-LHK, 2011 WL 3360017, at *4

5    (N.D. Cal. Aug. 2, 2011) (Koh, J.) ("Under California law, a claim for breach of the covenant of

6    good faith and fair dealing requires that [] a contract exist between the parties.").  Plaintiffs'

7    interpretation of the contract between the parties, and the alleged subsequent breach by the

8    Defendants is unreasonable in light of the allegations in the complaint.  Accordingly, Plaintiff

9    cannot cure through amendment his faulty breach of contract theory.  The Court therefore grants

10   Defendants' motion to dismiss Plaintiff's second cause of action for breach of contract with

11   prejudice.

12           **C.  Counts Three and Four: FAL and CLRA Claims**

13               **1.  Standing**

14   Defendants first argue that Plaintiff lacks standing to bring his FAL and CLRA claims.  To

15   establish standing as a class representative for a misrepresentation claim under the FAL or CLRA,

16   a plaintiff must show he personally lost money or property because of his own actual and

17   reasonable reliance on the allegedly untrue or misleading statements.  Therefore, actual reliance is

18   required to have standing to sue under the FAL and CLRA.  *See Kwikset Corp. v. Superior Court*,

19   51 Cal. 4th 310, 326-27 (2011) (applying the same actual reliance standard to a FAL claim); *Meyer*

20   *v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009) (granting standing under the CLRA to

21   consumers who have suffered damage "as a result of" a violation, imposes a requirement that a

22   violation must "caus[e] or result[ ] in some sort of damage.").  To establish actual reliance,

23   "plaintiff is not required to allege that [the challenged] misrepresentations were the sole or even the

24   decisive cause of the injury-producing conduct," however, "a plaintiff must show that the

25   misrepresentation was an immediate cause of the injury-producing conduct."  *Kwikset Corp.*, 51

26   Cal. 4th at 326-27 (internal quotations and citations omitted).

27           In support of his position that he actually relied upon the alleged omission, Plaintiff states

28   that he "simply assumed that what the clerk told him was true; namely that the cost total was the

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

proper mathematical calculation for the tires and certificates, with taxes and installation." SAC ¶ 35. Moreover, Plaintiff alleges that he could have purchased tires from a competitor at a lower price or he could have avoided the fee by disposing of the tires himself, and that therefore Defendants' scheme "caused Williamson to pay an increased sum above that which he would have actually paid." *Id.* ¶ 40 (emphasis added). These hypothetical allegations, however do not establish that Plaintiff has properly pled that he actually relied on Defendants' alleged omission of the tire disposal fee. That Plaintiff *could have* purchased his tires from a competitor or *could have* recycled the tires himself does not establish he *actually relied* on the alleged omission when deciding where to purchase his tires.

Moreover, the factual allegations in the SAC do not support a plausible inference that the alleged omission was an "immediate cause" prompting Plaintiff to purchase and install new tires at Defendants' establishment, or that Plaintiff paid more than he was willing to pay. The parties agreed prior to the tire installation that Plaintiff would pay $216.54 for the new tires and to have the tires installed on the car. That is the amount that Plaintiff actually paid. The terms that Plaintiff relied on were price and quality, not on a tire disposal fee that was subsumed into the overall price. Moreover, Plaintiff did not ask for his tires, nor did he look at his receipt – which disclosed the disposal fee – until well after the transaction had been completed. These facts undercut the plausibility of his allegations that the tire disposal fee was an important term upon which Plaintiff relied in making his decision where to purchase and install tires. *See Twombly*, 127 S.Ct. at 1965, 1974 (a district court should grant a motion to dismiss if facts do not "state a claim to relief that is plausible on its face.").

Plaintiff's reliance on *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373 (2010), does not compel a contrary result. In *Hale*, Plaintiff was an uninsured individual who was told by Defendant hospital prior to admission that Defendant would charge her "the regular rate." *Id.* at 1385-86. Plaintiff alleged in her complaint that at the time she signed the admission agreement to receive services at the hospital, she expected to be charged "regular rates" and not the "grossly excessive rates" that she was in fact charged. *Id.* The court concluded that Plaintiff had adequately pled reliance because she reasonably relied upon the material price term of a regular rate quoted by

12

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

the admission agreement when deciding to obtain services from Defendant.  *See id.* at 1385-1386.

In contrast, here, Plaintiff was quoted a price prior to being charged and actually paid the price that

was quoted.  Based on the allegations in the SAC, Plaintiff has not plausibly established that he

actually relied on Defendants' allegedly fraudulent omission, and therefore has failed to establish

standing under the FAL and the CLRA.

## 2. Reasonable Consumer Test

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

practices undertaken by any person in a transaction intended to result or which results in the sale or

lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  Sellers can be liable under

CLRA for making affirmative misrepresentations as well as for failing to disclose defects in a

product.[2]  *See, e.g., Daugherty v. Am. Honda Co., Inc.*, 144 Cal. App. 4th 824 (2006).  Similarly,

California's false advertising law prohibits any "unfair, deceptive, untrue, or misleading

advertising." Cal. Bus. and Prof. Code § 17500.  Plaintiff contends that "Defendants falsely

advertised the cost of their products and services by advertising the cost of new tires at a per-tire

cost, without disclosing that they would charge an additional 'disposal fee' purportedly to dispose

of the customer's tires."  Opp'n at 10, 14.

Plaintiff's claims under the FAL and CLRA are governed by the "reasonable consumer"

test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Under the reasonable

consumer standard, plaintiffs must "show that 'members of the public are likely to be deceived.'"

*Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of the West v. Superior

Court*, 2 Cal. 4th 1254, 1267 (1992)).  The California Supreme Court has recognized "that these

laws prohibit 'not only advertising which is false, but also advertising which [,] although true, is

either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the

---

[2]  California Civil Code § 1780(d) provides that "[i]n any action [under the CLRA], concurrently
with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the
action has been commenced in a county described in this section as a proper place for the trial of the
action. . . . If a plaintiff fails to file the affidavit required by this section, the court shall, upon
its own motion or upon motion of any party, dismiss the action without prejudice."  Plaintiff
concedes that he did not file the affidavit.  Opp'n at 15.  This provides an independent basis for
dismissing Plaintiff's CLRA claim.

13

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

public.'"  *Kasky v. Nike, Inc.,* 27 Cal. 4th 939, 951 (2002).  "The likely to be deceived standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled."  *Hill*, 195 Cal. App. 4th at 1304.

Defendants argue that a reasonable consumer is not likely to be deceived by Defendants' alleged actions because Plaintiff was "quoted a price of $216.54, in exchange for which [Plaintiff] expected [Defendants] to provide him with new tires and certificates, and to install those tires." Reply 8.  In addition, Defendants contend that a reasonable consumer would expect the benefit he was receiving "in exchange for this $216.54 fee [to] include[] disposal of the tires."  *Id.* Defendants point to the undisputed fact that Plaintiff was charged the exact fee he was quoted and was given a receipt, which broke down the components of the total charge, including the disposal fee.  *Id.*; *see* Mot., Ex. A.

As a preliminary matter, Plaintiff's contention that "Defendants falsely advertised the cost of their products and services" is inaccurate.  There is no dispute that Plaintiff paid the precise amount that Defendants' clerk quoted prior to the installation of the new tires.  Thus, it cannot be said that Defendants falsely advertised the total cost to Plaintiff.  *See Fabozzi v. Stubhub Inc.*, No. C-11-4385 EMC, 2012 WL 506330, at *6 (N.D. Cal. Feb. 15, 2012) (Chen, J.) (rejecting Plaintiff's claim under the reasonable consumer test because "Plaintiff agreed to pay the purchase price he actually paid, so there was no deception in the price he was required to pay").

Moreover, even assuming that Defendants failed to disclose the tire disposal fee as a separate cost, Plaintiff has failed to meet his burden to state facts giving rise to a plausible inference that there is "a probability that a significant portion of the general consuming public. . . acting reasonably under the circumstances, could be misled."  *See Hill*, 195 Cal. App. 4th at 1304. The key phrases under the reasonable consumer test are "reasonable consumer" and "significant portion of the general consuming public."  Under the circumstances, the reasonable consumer, who has no further need for his old tires, would expect tire installation to include the disposal of these unwanted tires.

14

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

Additionally, this understanding regarding the tire disposal fee was confirmed by the receipt provided to Plaintiff after the tire service was performed.  The parties do not dispute that the receipt itself clearly discloses the tire disposal fee.  Indeed, the receipt, which Plaintiff chose not to examine, put Plaintiff on constructive notice regarding the tire disposal fee.  Thus, Plaintiff has failed to establish a plausible claim that a reasonable consumer would likely be deceived by Defendants' disclosure.  Moreover, because an amendment is unlikely to cure Plaintiff's FAL and CLRA claims, these claims are dismissed with prejudice.

### D.  Count Five: UCL

#### 1.  Standing

As with the FAL and CLRA claims, a Plaintiff seeking to establish a UCL claim must establish standing under the UCL.  Thus, a plaintiff must show he personally lost money or property because of his own actual and reasonable reliance on the allegedly unlawful business practices.[3]  *See Kwikset Corp.*, 51 Cal. 4th at 326-27.  For the same reasons discussed above with respect to Plaintiff's CLRA and FAL claims, Plaintiff's UCL claim likewise fails because Plaintiff has not established that he relied upon Defendants' alleged omissions in completing his transaction to purchase tires.  *See* Part C.1.

#### 2.  Unlawful Prong

In the alternative, assuming that Plaintiff is able to establish that he has standing to bring a UCL claim, he has not stated a plausible claim for relief under the UCL.  The UCL creates a cause of action for business practices that are: (1) unlawful, (2) unfair, or (3) fraudulent.  Cal. Bus. & Profs. Code § 17200.  Its coverage has been described as "sweeping," and its standard for wrongful business conduct is "intentionally broad."  *In re First Alliance Mortg. Co.*, 471 F.3d 977, 995 (9th Cir. 2006).  Each "prong" of the UCL provides a separate and distinct theory of liability, *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007), and Plaintiff asserts claims under all three prongs.  SAC ¶¶ 78-80.

---

[3]  To the extent that Plaintiff argues that he need not establish reliance in order to establish a UCL violation, he appears to be relying on cases that have been superseded by Proposition 64, which now requires a plaintiff to establish reliance in order to establish standing.  *See Kwikset Corp.*, 51 Cal. 4th at 326-27; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006).

15

The unlawful prong of the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quotation marks and citations omitted). By proscribing "any unlawful" business practice, Cal. Bus. & Profs. Code § 17200, the UCL permits injured consumers to "borrow" violations of other laws and treat them as unfair competition that is independently actionable. *Cel–Tech*, 20 Cal. 4th at 180. Plaintiff seeks to bring a claim under the unlawful prong of the UCL by alleging Defendants' violations of the CLRA and FAL. SAC ¶ 80. As discussed above, the Court has found that Plaintiff has failed to state a plausible claim from which the Court can make a reasonable inference that Plaintiff has met the reasonable consumer test required under the CLRA and FAL. Thus, Plaintiff's UCL claim lacks "borrowed" law as the basis for the unlawful prong of his UCL claim.

### 3. Unfair Prong

The UCL also creates a cause of action for a business practice that is "unfair" even if not specifically proscribed by some other law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). In consumer cases, however, the question of what constitutes an unfair business practice appears to be unsettled. *See Lozano*, 504 F.3d at 735–36; *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 252 (2011). Some appellate state courts have applied the balancing test under *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999), which requires the Court to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *See McKell*, 142 Cal. App. 4th at 1473. Others have required a plaintiff to show that a practice violates public policy as declared by "specific constitutional, statutory or regulatory provisions" or that the practice is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1260–61, 1268 (2006); *see also Lozano*, 504 F.3d at 736; *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204–05 (9th Cir. 2010) (assessing plaintiff's UCL claim for unfair conduct under only the first two tests). Still others have adopted the three-pronged test contained in the Federal Trade Commission Act, 15 U.S.C. § 45(a), holding that a business practice is unfair under the UCL if (1) the consumer injury is substantial; (2) the injury is not outweighed

16

by any countervailing benefits to consumers or competition; and (3) the injury could not reasonably have been avoided by consumers themselves. *See Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403–05 (2006). However, the Ninth Circuit has rejected this last test as inapplicable to claims of anti-consumer, as opposed to anti-competitive, conduct, and "decline[s] to apply [it] in the absence of a clear holding from the California Supreme Court." *Lozano*, 504 F.3d at 736; *see also Rubio*, 613 F.3d at 1204–05 (assessing plaintiff's UCL claim for unfair conduct under only the first two tests). Despite the split in authority as to which test applies, Plaintiff has failed to meet the unfair prong under either test.

First, taking Plaintiffs' factual allegations as true, it is difficult to see how Defendants' conduct negatively impacted the alleged victim here. *See S. Bay Chevrolet*, 72 Cal. App. 4th at 886–87 (in deciding whether the unfair prong has been met the court considers "the utility of the defendant's conduct against the gravity of the harm to the alleged victim"). Plaintiffs' factual allegations do not support a plausible inference that he was negatively impacted by Defendants' conduct. The factual allegations establish that Plaintiff was quoted the price of $216.54, including installation, and that he agreed to pay the full amount he was eventually charged. He never asked for a breakdown of costs, or challenged the fee upon receiving the receipt. Indeed, the fact that Plaintiff did not even inspect the receipt indicates that tire disposal fee was not material. As Defendant has argued "[Plaintiff] wanted to purchase new tires, he wanted [Defendants] to install them, and he was willing to pay $216.54 to make that happen. He was not handed his old tires upon checkout." Mot. at 10.

Moreover, Plaintiff's SAC fails to allege facts showing that Defendants' practice violates public policy as declared by "specific constitutional, statutory or regulatory provisions," or that the practice was otherwise "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *See Bardin*, 136 Cal. App. 4th at 1260–61. It isn't clear what specific constitutional, statutory, or regulatory provisions Defendants' policies theoretically violate. Moreover, it is difficult to see how a tire disposal fee, which could easily have been incorporated into the installation fee that Plaintiff does not challenge, could be "immoral, unethical, oppressive, unscrupulous, or substantially injurious."

17

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

**United States District Court**
For the Northern District of California

Finally, a recent district court decision provides guidance to the UCL claim presented here. In *Fabozzi*, Plaintiff brought a UCL claim alleging that the tickets sold on StubHub failed to disclose a mark up over the retail price of tickets purchased for a sporting event. The district court rejected Plaintiff's UCL claim under the unfair prong because the ticket sellers were permitted to sell the tickets above face value and purchasers agreed to pay the price established by the seller. *See Fabozzi*, 2012 WL 506330, at *6-7. "So long as purchasers of tickets are getting exactly what they paid for – genuine tickets – at a price they are willing to pay, it is hard to understand how such a transaction could be deemed unfair." *Id*. Similarly here, the total price paid and negotiated by the parties included the cost of recycling Plaintiff's old tires. Plaintiff received exactly what he paid for, at a price he was willing to pay. Accordingly, Plaintiff has failed to state a claim under the unfair prong of the UCL.

### 4. Fraudulent Prong

In order to state a cause of action under the fraud prong of the UCL a plaintiff must show that members of the public are likely to be deceived. *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000). "[T]his prong of the UCL is governed by the reasonable consumer test: a plaintiff may demonstrate a violation by showing that reasonable members of the public are likely to be deceived." *Rubio*, 613 F.3d at 1204. For the same reasons discussed above with respect to Plaintiff's CLRA and FAL claims, Plaintiff's UCL claim likewise fails because Plaintiff has not established that a reasonable consumer would likely be deceived by Defendants' business practices. *See* Part C.2. Moreover, because an amendment is unlikely to cure Plaintiff's UCL claim, this claim is dismissed with prejudice.[4]

### E. Counts Six and Seven: Fraud and Negligent Misrepresentation

To state a cause of action for fraud, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Neilson v.*

---

[4] In light of the fact that the Court concludes that Plaintiff has failed to state a claim for relief under the UCL, CLRA, and FAL, the Court need not consider whether Plaintiff lacks Article III standing to seek injunctive relief under these claims. *See* Mot. at 17-19; SAC ¶¶ 62, 70, and 83.

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

*Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1140–1141 (C.D. Cal. 2003) (quoting *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 974 (1997)).  "The elements of a cause of action for negligent misrepresentation are the same as those of a claim for intentional misrepresentation, with the exception that the defendant need not actually know the representation is false.  Rather, to plead negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe the representation was true."  *Id.* at 1141 (citing *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997)).

Each of these causes of action must meet Rule 9(b)'s heightened pleading requirements.  *Id.* at 1141 (citations omitted).  In addition, Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.  A plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted).  Moreover, a claim based on a nondisclosure or omission is a claim for misrepresentation in a cause of action for fraud, and it must be pleaded with particularity under Rule 9(b).  *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009).

Plaintiff has sufficiently pleaded the "who, what, when, where and how" of Defendants' alleged fraudulent and negligent omission.  For example, Plaintiff has alleged that "[Defendants'] clerk did not disclose to [Plaintiff] that . . . the total figure of [$216.54] . . . included an additional 'disposal fee' of $2.50 per tire to dispose of [Plaintiff's] old tires," (2) that the transaction occurred on "January 27, 2011 . . . at Defendants' retail tire store on 4583 Mills Circle, Ontario, CA 91764;" (3) that Plaintiff was not provided with an invoice, written estimate or receipt of the total cost at the time Plaintiff paid for the tire service, (4) that the "only information provided to [Plaintiff] on [Defendants'] credit card/debit card terminal was the total price."  *See* SAC ¶ 33-36.  However, because Plaintiff has failed to plausibly allege that he actually, justifiably relied on Defendants' omission of the tire disposal fee, he cannot state a claim for fraudulent or negligent misrepresentation.

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

"The California Supreme Court has instructed that 'a misrepresentation may be the basis of fraud if it was a substantial factor in inducing plaintiff to act [though] . . . it need not be the sole cause of damage.'" *In re First Alliance Mort. Co.*, 471 F.3d at 992 (citing *Vasquez v. Superior Court of San Joaquin Cnty.*, 4 Cal. 3d 800 (1971)). Under California law, "[r]eliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (citation omitted); *Lazar v. Superior Court of L.A. Cnty.*, 12 Cal. 4th 631, 640(1996).

In support of his position that he justifiably relied upon the alleged omission, Plaintiff states that he "simply assumed that what the clerk told him was true; namely that the cost total was the proper mathematical calculation for the tires and certificates, with taxes and installation." SAC ¶ 35. Moreover, Plaintiff alleges that he *could have* purchased tires from a competitor at a lower price or he *could have* avoided the fee by disposing of the tires himself, and that therefore Defendants' scheme "caused Williamson to pay an increased sum above that which he would have actually paid." *Id.* ¶ 40 (emphasis added). For the same reasons explained above, however, these hypothetical allegations do not establish that Plaintiff has properly pled actual and justifiable reliance. That Plaintiff could have purchased his tires from a competitor or could have recycled the tires himself does not establish he actually relied on the alleged omission when deciding where to purchase his tires.

Moreover, in light of the other allegations in the SAC, Plaintiff cannot establish that Defendants' omission was a "substantial factor" or the "immediate cause" of Plaintiff's entering into the transaction. The parties agreed prior to the tire installation, that Plaintiff would pay $216.54 for the new tires and to have the tires installed on the car. That is the amount that Plaintiff actually paid. The terms that Plaintiff relied on were price and quality, not on a tire disposal fee that was subsumed into the overall price he paid. Moreover, Plaintiff did not ask for his tires, nor did he look at his receipt until well after the transaction had been completed. This fact undercuts any allegation of justifiable reliance that Plaintiff now makes.

20

1    Plaintiff has not stated facts sufficient to show that Plaintiff actually and justifiably relied

2 on Defendants' alleged omissions. *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D.

3 Cal. 2009) (Patel, J.). The Court therefore grants Defendants' motion to dismiss Plaintiff's sixth

4 and seventh causes of action for fraudulent and negligent misrepresentation. Because the

5 allegations in the SAC render Plaintiff's allegations of justifiable reliance implausible, Plaintiff

6 cannot cure the claim by amendment the Court will not grant Plaintiff leave to amend.

7                          **F.  Count Seven: Negligence**

8    Plaintiff also alleges that Defendants' conduct states a claim for negligence under

9 California law. SAC ¶¶ 97-100. "The elements of a cause of action for negligence are (1) a legal

10 duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the

11 breach and (4) the plaintiff's injury." *Dooms v. Fed. Home Loan Mortg. Corp.*, No. CV F 11–0352

12 LJO DLB, 2011 WL 1232989, at *11 (E.D. Cal. Mar. 31, 2011) (quoting *Mendoza v. City of L.A.*,

13 66 Cal. App. 4th 1333, 1339 (1998)).

14    In California, plaintiffs may seek remedies for negligence only where they experience

15 "physical injury to person or property, and not for pure economic losses." *Chang Bee Yang v. Sun*

16 *Trust Mortg., Inc.*, No. 1:10–CV–01541 AWI, 2011 WL 902108, at *7 (E.D. Cal. Mar. 15, 2011)

17 (citation omitted). The economic loss rule "requires a purchaser to recover in contract for purely

18 economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond

19 a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988

20 (2004). Thus, purely economic damages to a plaintiff, which stem from disappointed expectations

21 from a commercial transaction must be addressed through contract law; negligence is not a viable

22 cause of action for such claims. *Id.* at 988.

23    Plaintiff does not dispute that he has suffered no physical injury, to himself or to any

24 property, and that Plaintiff's sole claim is for economic loss. Accordingly, the economic loss rule

25 bars Plaintiff from bringing a negligence claim for his economic losses. However, Plaintiff

26 contends that as a matter of public policy, Defendant's conduct merits the imposition of tort

27 remedies for fraud and intentional misrepresentation, and that Plaintiff's negligence claim should

28 survive Defendant's motion to dismiss. Opp'n at 21-22. In asserting his public policy argument,

Case No.: 5:11-CV-03548-LHK
ORDER GRANTING MOTION TO DISMISS

1    Plaintiff relies on *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004).  Plaintiff's

2    reliance on *Robinson* is misplaced.  In *Robinson*, the Supreme Court of California held that the

3    economic loss rule did not bar the plaintiff's fraud and intentional misrepresentation claims.  Thus,

4    the holding in *Robinson* does not apply to Plaintiff's negligence claim, which is not an intentional

5    tort.  The Court finds that Plaintiff has failed to "demonstrate harm above and beyond a broken

6    contractual promise" such that the Court may make an exception to the economic loss rule barring

7    Plaintiff's negligence claim.  *See Robinson*, 34 Cal. 4th at 988.  Because the economic loss rule

8    acts as a bar to Plaintiff's negligence claim that cannot be cured by amendment, Plaintiff's seventh

9    cause of action for negligence is dismissed with prejudice.

10              **G.  Leave to Amend[5]**

11              In order to determine whether leave to amend should be granted, the Court must consider

12   "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

13   deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

14   allowance of the amendment, [and] futility of amendment, etc.'" *Eminence Capital, LLC v.*

15   *Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182

16   (1962)).

17              Although this is the first court order granting Defendants' motion to dismiss, Plaintiff has

18   amended his complaint twice, and this is the third complaint that Plaintiff has filed.  First,

19   Plaintiff's original complaint was filed on July 19, 2011.  In response, Defendants filed a motion to

20   dismiss for lack of personal jurisdiction, which was subsequently withdrawn by agreement of the

21   parties.  Second, upon the stipulation of the parties and with the Court's leave, Plaintiff filed his

22   FAC on December 1, 2011.  *See* ECF Nos. 21-23.  Defendant Reinalt-Thomas Corporation then

23   filed a motion to dismiss for lack of personal jurisdiction, and Defendant Southern California

24   Discount Tire Co. filed a motion to dismiss for failure to state a claim.  ECF Nos. 26-27.  Third,

25   without leave of the court or consent of the parties, Plaintiffs filed the SAC on January 31, 2012.

26

27   _____

     [5]  Because the Court has found that Plaintiff has not stated a claim upon which relief may be
28   granted as to all Defendants, the Court need not address Defendants' arguments that the Doe
     Defendants should be dismissed.

                                                        22

     Case No.: 5:11-CV-03548-LHK
     ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

1   ECF Nos. 33, 36.  During a case management conference held on February 2, 2012, the Court

2   granted Plaintiff leave to file the SAC.  Defendants then filed the instant motion to dismiss – the

3   third motion to dismiss they have filed in this case.  Thus, even though this is the first court order

4   dismissing the Plaintiffs' SAC, Plaintiff has had several opportunities to attempt to state a plausible

5   claim for relief, and thus several bites at the proverbial apple.

6          It would be futile to allow Plaintiff leave to amend his complaint.  As explained above,

7   Plaintiff's claims fail not based on a deficiency in pleading, but rather because the theory regarding

8   whether Defendants' practices constitute actionable conduct is defective.  Accordingly, Plaintiff

9   will likely not be able to cure the deficiencies through amendment.  *See Nordyke v. King*, 644 F.3d

10  776, 788 n.12 (9th Cir. 2011) (leave to amend need not be granted where doing so would be an

11  exercise in futility).  Therefore, Defendants' motion to dismiss is GRANTED, with prejudice, in its

12  entirety.  The Clerk shall close the file.[6]

13  **IT IS SO ORDERED.**

14  Dated: April 25, 2012                                         _____
                                                                  LUCY H. KOH
15                                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28  _____
    [6] Because Plaintiffs' complaint is dismissed, in its entirety without leave to amend, Defendants'
    pending motion for a protective order to stay discovery is denied as moot.  *See* ECF No. 38.

    Case No.: 5:11-CV-03548-LHK
    ORDER GRANTING MOTION TO DISMISS